IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WYANDOT NATION OF KANSAS, )
)
Plaintiff, )
)
v. ) No. 06cv00919-LMB
) Judge Lawrence M. Baskir
THE UNITED STATES OF AMERICA, )
)
)
Defendant. )
)

**PARTIES' JOINT MOTION AND SUPPORTING MEMORANDUM FOR MODIFICATION OF THE COURT'S NOVEMBER 28, 2007 PROVISIONAL PROTECTIVE ORDER**

On November 15, 2007, the parties jointly filed the Parties' Joint Stipulation and [Proposed Order] Regarding Confidentiality of Certain Documents, Data and Other Materials to be Provided by Defendant to Plaintiff (hereinafter "Proposed Document and Data Confidentiality Order") and the Parties' Joint Stipulation Regarding Confidentiality of Settlement Discussions and [Proposed] Order (hereinafter "Proposed Settlement Discussion Confidentiality Order"). On November 28, 2007, the Court issued an order directing the parties to use the Court's Provisional Protective Order and to provide any modifications as of December 7, 2007. For the reasons set forth below, the parties respectfully request that the Court modify the November 28, 2007 Order to include the original language of the Proposed Document and Data Confidentiality, and the Settlement Discussion Confidentiality Orders.

1. Since the filing of this case and the companion case in the United States District Court of the District of Columbia, the parties have begun settlement discussions, intended to address or resolve the tribal trust issues and claims raised by Plaintiff. As part of the settlement effort, the parties have agreed to produce documents and data pursuant to informal requests, and

to establish an efficient cost-effective method for managing this case. In addition, the parties agreed to protect settlement communications, whether written or oral, including but not limited to requests submitted to the Department of the Interior, the Department of the Treasury, and the Department of Justice, under the Freedom of Information Act ("FOIA"). The settlement process is dependent upon the ability of the parties to obtain quick and efficient access to one another's documents and to protect settlement deliberations from release to the public. In order to achieve these goals, the parties negotiated and submitted the Proposed Document and Data Confidentiality Order and the Proposed Settlement Discussion Confidentiality Order, for this Court's, as well as the United States District Court's, and possible approval and entry as orders of the Court. In the parties' view, these Proposed Orders specifically address not only their confidentiality needs and concerns but also the type of case, claims, and issues presented in this case and in Plaintiff's companion case in the United States District Court.

2. Along with formalizing the negotiated goals of the parties, this Court's adoption and entry of the Proposed Document and Data Confidentiality Order and the Proposed Settlement Discussion Confidentiality Order will also reduce the possibility of conflicting or different requirements regarding the exchange, production, and protection of confidential documents. Notably, Plaintiff's counsel represents fifteen other tribes with cases pending in the Court of Federal Claims (as well as the United States District Court). Because the parties are discussing a settlement methodology which will apply to all of Plaintiff counsel's cases, the parties have proposed the exact same language for the Proposed Document and Data Confidentiality Order and the Proposed Settlement Discussion Confidentiality Order filed in each of these cases in this Court and in the District Court. The Document and Data

Confidentiality Order and the Settlement Discussions Confidentiality Order have been reviewed, approved, and entered by certain CFC judges as orders of this Court.[1] Should this Court not approve and adopt the Proposed Document and Data Confidentiality Order and the Proposed Settlement Discussion Confidentiality Order in this case, the parties would face the possibility of conflicting or at least differing requirements concerning the handling of confidential material, which could potentially impede the exchange of information.

---

[1] See Cheyenne River Sioux Tribe v. U.S., No. 06-cv-00915-NBF, Document & data confidentiality protective order (11/20/07), Dkt. 14; Settlement confidentiality protective order(11/20/07), Dkt. 15; Confederated Tribes of the Goshute Reservation v. U.S., No. 06-cv-00912-EGB, Document & data confidentiality protective order (11/16/07), Dkt. 16; Settlement confidentiality protective order (11/16/07), Dkt. 17; Crow Creek Sioux Tribe v. U.S., No: 05-1383-MCW, Document & data confidentiality protective order (11/16/07), Dkt. 23; Settlement confidentiality protective order (11/14/07), Dkt. 24; Eastern Shawnee Tribe of Oklahoma v. U.S., No. 06-cv-00917-CFL, Document & data confidentiality protective order (11/28/07), Dkt. 15; Settlement confidentiality protective order (11/28/07), Dkt. 14; Lower Brule Sioux Tribe v. U.S., No. 06-cv-00922-LB, Joint document & data confidentiality stipulation & proposed order (filed 11/15/07), Dkt. 9; Joint settlement confidentiality stipulation & proposed order (filed 11/15/07), Dkt. 10; Muscogee (Creek) Nation v. U.S., No. 06-cv-00918-JFM, Document & data confidentiality protective order (11/19/07), Dkt. 13; Settlement confidentiality protective order (11/19/07), Dkt. 12; Northwestern Band of Shoshone Indians v. U.S., No. 06-cv-00914-LB, Document & data confidentiality order (12/7/07), Dkt. 11; Settlement confidentiality stipulation & proposed order (12/7/07), Dkt. 12; Oglala Sioux Tribe of the Pine Ridge Reservation v. U.S., No: 05-1378L, Joint document & data confidentiality stipulation & proposed order (filed 11/13/07) Dkt. 24; Settlement confidentiality protective order (6/13/06), Dkt. 9; Omaha Tribe v. U.S., No. 06-cv-00911-NBF, Document & data confidentiality protective order (11/20/07), Dkt. 12; Settlement confidentiality protective order (11/20/07), Dkt. 13; Prairie Band of Potawatomi Nation v. U.S., No. 06-cv-00921-LJB, Document & data confidentiality protective order (11/28/07), Dkt. 12; Settlement confidentiality protective order (11/28/07), Dkt. 13; Rosebud Sioux Tribe v. U.S., No. 06-cv-00924-JFM, Document & data confidentiality order (11/19/07), Dkt. 17; Settlement confidentiality order (11/19/07), Dkt. 18; Red Cliff Band of Lake Superior Indians v. U.S., No. 06-cv-00923-JPW, Document & data confidentiality order (11/19/07), Dkt. 13; Settlement confidentiality order (11/19/07), Dkt. 14; Stillaguamish Tribe v. U.S., No. 06-cv-00916-NBF, Document & data confidentiality protective order (11/20/07), Dkt. 15; Settlement confidentiality protective order (11/20/07), Dkt. 16; Winnebago Tribe of Nebraska v. U.S., No. 06-cv-00913-MMS, Document & data confidentiality order (11/19/07), Dkt. 18; Settlement confidentiality protective order (11/19/07), Dkt. 19.

3. The Proposed Document and Data Confidentiality Order is intended to address the continuing informal document production contemplated during the settlement process. Tribal trust claims generally involve complex facts that are compiled through the review of voluminous amounts of historic documentation.[2] Since the filing of this case and the District Court companion case, Plaintiff has provided informal requests for certain documents and data to Defendant. Plaintiff's document requests overlap with the other tribes represented by Plaintiff's counsel. In contemplation of getting the materials to Plaintiff as quickly as possible, without undue delay, the Proposed Document and Data Confidentiality Order allows for Defendant to mark all documents and data as presumptively confidential; provide those documents and data to Plaintiff so that it can begin reviewing the materials; conduct a confidentiality review, as needed, later; and supply Plaintiff with the images from that subsequent confidentiality review, appropriately marked. If this Court's Provisional Protective Order were made the order of the Court, however, Defendant would be required to perform a detailed document review, on a page-by-page or image-by-image basis, and designating the images that are deemed confidentiality and delineating the laws or regulations under which the statutes are deemed confidential, before producing the images to Plaintiff. Given the large volumes of the anticipated productions and

---

[2] Tribal trust documents, data, and other materials in the possession, custody, or control of Defendant may contain information that Defendant asserts and designates as being subject to protection from disclosure (1) pursuant—but not limited—to the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money accounts; Indian Minerals Development Act, 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. §§ 181 et seq.; (2) as confidential business information; or (3) because it relates to Indian Tribes and/or Indian individuals not parties to this litigation.

the level of funding and resources currently available to Defendant's counsel (in particular, those at the Solicitor's Office of the Interior Department), this requirement of the Court's Provisional Protective Order will significantly delay providing documents to Plaintiff. Also, some of the data requested by Plaintiff is contained in documents which are relevant to other requests in other cases. Accordingly, Defendant's pre-production confidentiality review would delay the production of information in other cases.

4. Moreover, in order to facilitate getting documents to Plaintiff's counsel, expert or some other third party, the Proposed Document and Data Confidentiality Order contemplates having that third party sign an affidavit, affirming under oath and subject to the contempt powers of the Court that the third party will keep any and all confidential materials confidential. Plaintiff can designate the parties who will work with Plaintiff and its counsel on this litigation and, as part of that designation, can have those parties execute the affidavits of confidentiality. The procedure eliminates the more time-consuming and labor-intensive step of having the parties file a request with the Court, as contemplated in the Provisional Protective Order.

5. The Proposed Settlement Discussion Confidentiality Order addresses the need to protect the confidentiality and prevent the public disclosure of any and all settlement communications, notwithstanding the FOIA. The Court's Provisional Protective Order does not address this issue. FOIA "'mandates a policy of broad disclosure of government documents,'" see, e.g.,Maricopa Audubon Soc'y v. United States Forest Serv., 108 F.3d 1082, 1085 (9th Cir. 1997), so that, under the statute, Defendant may potentially have to release written settlement communications and other settlement discussion-related materials to a third party in order to comply with FOIA. See, e.g., County of Madison v. U.S. Department of Justice, 641 F.2d 1036

(1st Cir. 1981). Court-issued protective orders generally protect disclosure of documents pursuant to FOIA. See, e.g., Fed. Deposit Insur. Corp. v. Ernst & Ernst, 677 F.2d 230, 232 (2d Cir. 1982) ("FDIC"); GTE Sylvania, Inc. v. Consumers Union of the United States, Inc., 445 U.S. 375, 387 (1980) (holding that agency properly withheld information under FOIA because agency was enjoined by a court from disclosing such information); United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998) ("[T]he trial judge has the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes."). In this litigation, the parties need to be assured that any candid discussions that they have as part of their efforts to resolve Plaintiff's trust issues and claims, without the need for protracted litigation, will not be subject to disclosure to third parties. Such a disclosure would have a chilling effect on the nature and quality of the parties' settlement discussions and might impede the parties' ability to resolve Plaintiff's issues and claims through cooperative and non-litigation means. The Proposed Settlement Discussion Confidentiality Order specifically mentions FOIA; thus, the entry of the Order helps protect against the forced disclosure of any and all settlement documents and affirmatively contributes to the possibility of a settlement.

For reasons articulated above, the parties request that the Court modify its Provisional Protective Order dated November 28, 2007, to include the original language of their Proposed Document and Data Confidentiality Order and their Proposed Settlement Discussion Confidentiality Order.

Respectfully submitted this 7th day of December, 2007,

*s/ Brian J. Leinbach, by s/ Kevin J. Larsen pursuant to written authorization provided on December 7, 2007*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

OF COUNSEL

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MAUREEN E. RUDOLPH
United States Department of Justice
Environment Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0479
Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227