# In the United States Court of Federal Claims

No. 06-919L
(Filed April 8, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**WYANDOT NATION OF KANSAS,**      \*    Duties to manage tribal trust assets;
\*    pending district court accounting
Plaintiff,      \*    claims; 28 U.S.C. § 1500; substantial
\*    overlap in operative facts; dismissed
v.      \*    for lack of subject-matter jurisdiction.
\*
**THE UNITED STATES,**      \*
\*
Defendant.      \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

     *Brian J. Leinbach*, Engstrom, Lipscomb & Lack, Los Angeles, California, for plaintiff.

     *Stephen R. Terrell*, Natural Resources Section, Environment and Natural Resources Division, Department of Justice, with whom was *Ignacia S. Moreno*, Assistant Attorney General, both of Washington, D.C., for defendant. *Anthony P. Hoang*, Environment and Natural Resources Division, Natural Resources Section, Department of Justice, *Gladys Cojocari*, Office of the Solicitor, Department of the Interior, *Rebecca Saltiel* and *Thomas Kearns*, Financial Management Service, Office of the Chief Counsel, Department of the Treasury, all of Washington, D.C., of counsel.

## OPINION AND ORDER

WOLSKI, Judge.

     This case is before the Court on defendant's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. The government argues that the pendency of a previously filed case in a United States district court precludes our jurisdiction under 28 U.S.C. § 1500. The motion has been fully briefed and oral argument was heard. For the reasons that follow, defendant's motion is **GRANTED**.

# I. BACKGROUND†

On December 28, 2006, plaintiff, Wyandot Nation of Kansas (Wyandot Nation), brought a claim here against the government. *See* Compl.  Plaintiff seeks money damages to compensate it for various breaches of fiduciary duty that it claims the government committed as trustee of a trust holding assets for its benefit. Compl. ¶¶ 1, 17–18.  Plaintiff alleges jurisdiction in this Court is proper under the Tucker Act and the Indian Tucker Act.  Compl. ¶ 4 (citing 28 U.S.C. §§ 1505, 1491).

Plaintiff is an Indian tribe that was removed by the United States from Ohio to Kansas in the mid-nineteenth century.  Compl. ¶ 2.  Plaintiff continues to receive federal recognition for the purpose of executing the provisions of, and securing the benefits provided by, the Treaty of January 31, 1855.  *Id.* ¶ 3.  Under the 1855 Treaty and subsequent treaties, the United States government has held plaintiff's tribal land, and resources located on that land, in trust for the benefit of the tribe. *Id.* ¶¶ 5–7.  Pursuant to these treaties and subsequently enacted statutes, the United States has assumed a trust responsibility for the purpose of executing its land, compensate it for certain limited conveyances of land and any use of its land resources, and deposit payments owed to the Wyandot Nation in interest-bearing accounts.  *Id.* ¶¶ 5–8 (citing 25 U.S.C. § 177).  The government also has a statutory duty to increase the productivity of funds that it holds in trust for Indian tribes. Compl. ¶ 12 (citing 25 U.S.C. §§ 161a, 161b, 162a).  Defendant also has a duty to collect and invest any income generated from conveyances of trust property or any use rights it has granted with respect to said property.  *Id.* ¶¶ 10–11.  In sum, according to plaintiff, the United States has assumed the obligations of a trustee with respect to Wyandot Nation's lands and resources and has a duty to protect, preserve, and manage the trust properly so as to ensure the "highest and best use of those assets" and generate the highest possible revenue for plaintiff.  *Id.* ¶¶ 11–13.

Plaintiff's complaint lists in great detail the many fiduciary duties that the United States owes to it.  *Id.* ¶¶ 14–16.  According to plaintiff, the United States has breached these duties repeatedly and in various ways over the past several decades, and such breaches have been recognized by Congress, the General Accounting Office, and the Office of Management and Budget.  *Id.* ¶¶ 17–19.  Specifically, plaintiff alleges the United States has breached its fiduciary duties through poor investment decision-making, the failure to keep proper records, the failure to properly manage the trust property, and the failure to provide a proper accounting of the trust's assets and funds.  Compl. ¶¶ 17–18.  Plaintiff contends that these breaches have caused it monetary losses and seeks compensation for this malfeasance.  *Id.* ¶ 1.

---

† The allegations in the complaint are taken as true for purposes of the government's motion to dismiss.

On December 30, 2005, before filing its action in this court, plaintiff filed a case in the United States District Court for the District of Columbia seeking relief for the government's alleged breach of fiduciary duty in connection with the same trust. See Complaint ¶¶ 17–19, *Wyandot Nation of Kansas v. Kempthorne*, No.1:05-CV-02491 (D.D.C. 2005); Compl. ¶ 25.  On July 13, 2006, plaintiff filed an amended complaint in the district court alleging defective trust accounting.  Amended Complaint ¶ 15, *Wyandot Nation of Kansas*, No.1:05-CV-02491 (D.D.C. 2006).  In the district court, plaintiff seeks declaratory and injunctive relief to compel a proper accounting, and injunctive relief to compel proper management of its trust accounts. *Id.* at 11–12.  Several months later, plaintiff brought its claim against the United States for money damages in this court.  *See* Compl.  Plaintiff seeks consequential damages, incidental damages, compound interest, pre-judgment interest, court costs, and attorneys' fees --- all related to defendant's breach of the fiduciary duties outlined above.  *Id.* at 14–15.

## II. DISCUSSION

The parties do not contest that, but-for the currently pending district court action, our court would clearly have jurisdiction over this matter.  A limitation on our jurisdiction, 28 U.S.C. § 1500 ("Section 1500"), prevents us from entertaining "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit . . . against the United States."  28 U.S.C § 1500 (2012).  The purpose of the Section 1500 bar is to prevent the government from having to defend simultaneously against two different actions in two different fora concerning the same matters.  *See United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1730 (2011); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  As Federal Circuit has explained, courts should "not view § 1500 narrowly." *Trusted Integration,* 659 F.3d at 1164.

The dispute in this case concerns the definition of "claim" within the meaning of Section 1500.  The Supreme Court has concluded that two claims are the same for Section 1500 purposes if they are based on "substantially the same operative facts." *Tohono*, 131 S. Ct. at 1731.  Until *Tohono*, it appeared there also had to be "some overlap in the relief requested" for two actions to be considered to include the same claim.  *See Keene Corp. v. United States*, 508 U.S. 200, 212 (1993).  It is uncontested that plaintiff's district court claims were pending at the time it filed its complaint in our court; thus, the only question is whether the two cases contain claims that are based on "substantially the same operative facts."

In *Keene Corp.*, the Supreme Court looked to an opinion from our (and the Federal Circuit's) predecessor, the Court of Claims, which dealt with the prior incarnation of Section 1500 --- Section 154 of the old Judicial Code ("Section 154"). *Id.* at 211–12 (citing *British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939)).  In the Court of Claims case, the court concluded that two claims, one

sounding in tort and one styled as a takings claim, were the same "claim" for purposes of Section 154. *British Am. Tobacco Co.*, 89 Ct. Cl. at 440. The court reasoned that they were the same claim because "claim," as used in Section 154, "has no reference to the legal theory upon which a claimant seeks to enforce his demand," but rather is focused on whether the two cases are based on the same "subject matter or property." *Id.* Thus, since both claims concerned the confiscation of the same gold, they were the same claim, even though they each offered a different reason why the taking of the gold was unlawful. In short then, two claims are the same if they address the same dispute, without regard to the legal theories involved. As the Federal Circuit later explained: "Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." *Harbuck v. United States*, 378 F.3d 1324, 1329 (Fed. Cir. 2004) (quoting *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1567 (Fed. Cir. 1988)).

The plain meaning of "operative facts" is also instructive. Black's Law Dictionary defines "operative," *inter alia*, as "having principal relevance." *Black's Law Dictionary* 1201 (9th ed. 2009). Thus, as has been observed in other cases, facts are operative if they are relevant to establishing a claim. *See, e.g., Lower Brule Sioux Tribe v. United States*, 102 Fed. Cl. 421, 424 (2011). That is, if a fact satisfies, or helps to satisfy, an element of a legal claim, it is an "operative fact" within the meaning of Section 1500. Put another way, the meaning of the term "operative" is very close to that of "material," in that both terms act to isolate that class of facts that impact the determination of legal claims from those which do not. *Id.* In sum then, two actions would be based on "substantially the same material facts" if the same facts would be relevant to some theory of liability in both cases. *Id.*

A number of Indian tribes have attempted to simultaneously maintain actions in both the district court and our court alleging mismanagement of trust assets. When the district court actions were filed first, our judges have dismissed the cases filed here, concluding that two complaints alleging the breach of the government's fiduciary duties were based on "substantially the same operative facts" and thus barred by Section 1500. *See Yankton Sioux Tribe v. United States*, 84 Fed. Cl. 225 (2008) *aff'd sub nom.; Tribe v. United States*, 437 F. App'x 938 (Fed. Cir. 2011); *Omaha Tribe of Nebraska v. United States*, 102 Fed. Cl. 377 (2011); *Winnebago Tribe of Nebraska v. United States*, 101 Fed. Cl. 229 (2011); *Iowa Tribe of Kansas and Nebraska v. United States*, 101 Fed. Cl. 481 (2011); *Prairie Band of Potawatomi Indians v. United States*, 101 Fed. Cl. 632 (2011); *Eastern Shawnee Tribe of Oklahoma v. United States*, 82 Fed. Cl. 322 (2008) rev'd, 582 F.3d 1306 (Fed. Cir. 2009) *cert. granted, judgment vacated*, 131 S. Ct. 2872, 179 L. Ed. 2d 1184 (2011) and aff'd, 438 F. App'x 896 (Fed. Cir. 2011); *Lower Brule Sioux Tribe* 102 Fed. Cl. at 421; *Muscogee (Creek) Nation of Oklahoma v. United States,* 103 Fed. Cl. 210 (2011); *Rosebud Sioux Tribe v. United States*, 102 Fed. Cl. 429 (2011); *Northwestern Band of Shoshone v. United States*, 102 Fed. Cl. 427 (2011).

Defendant, pressing the same argument here, contends that plaintiff's claims are barred by Section 1500 because Wyandot Nation had previously filed a case in the district court and the claims in that case were based on "substantially the same operative facts."  Def.'s Mem. In Supp. of Mot. to Dismiss at 2.  It grounds this argument on the fact that both claims involve the same trust relationship, the same trust corpus, and the same trust transactions.  *Id.* at 11–13.  In short, the government contends that there is no meaningful difference between this case and *Tohono* or the numerous Indian trust cases cited above.

Plaintiff, on the other hand, argues that our jurisdiction is not precluded by Section 1500, and attempts to distinguish its circumstances from *Tohono*.  Pl.'s Opp'n to Mot. to Dismiss 3–4 (Pl.'s Opp'n).  Wyandot Nation contends that its two complaints are not based on the same set of operative facts because the two suits concern breaches of separate and distinct fiduciary duties: the duty to maintain records in the district court action, and duties of competence and loyalty in this court.  *Id.* at 4–7.  According to plaintiff, the court in *Tohono* focused on how nearly identical the two complaints were, but the two complaints in the present case "are far from identical."  *Id.* at 4.  Wyandot Nation contends that the district court complaint focuses on the government's breach of the duty to maintain records and provide the required trust accounting, and seeks to compel the government to provide the accounting as well as to require proper management of accounts until an adequate accounting has been rendered.  *Id.* at 5.  The complaint filed in this court, however, alleges that the government has breached its fiduciary duties through mismanagement of plaintiff's trust, and focuses on specific trust transactions to establish that the government's management fell below the applicable standard of care for a prudent trustee.  *Id.* at 4.  According to plaintiff, the two complaints are therefore fundamentally different because of the focus on different trust duties for which different facts are required to establish breach.  *Id.* at 5.

What the plaintiff's argument overlooks is that the allegedly different breaches of fiduciary duty all spring from the same set of facts.  This becomes clear when one examines the two complaints.  All of those facts which are arguably operative are the same in both cases --- both concern the same trusteeship, the same trust assets, and the same allegedly unlawful conduct.  On the creation and existence of the trust relationship, paragraphs 5–12 of the complaint filed in this court and paragraphs 9–14 of the district court complaint allege essentially the same facts, with only minor differences in how the history of the tribe and its relationship to the federal government are described.  Regarding the substantive duties of the trust relationship, the complaints are also very similar.  *See* Compl. ¶¶ 8–16; Amended Complaint ¶¶12–17, *Wyandot Nation of Kansas*, No.1:05-CV-02491 (D.D.C. 2006).  Both complaints also allege that the government has been derelict in performing its duties as trustee.  *See* Compl. ¶¶17–19; Amended

Complaint ¶¶ 17–25, *Wyandot Nation of Kansas*, No.1:05-CV-02491 (D.D.C. 2006). The primary focus of the district court complaint is on the allegedly defective accounting, including "fail[ing] to provide the Nation with a full, and complete accounting of the source of its trust funds," and "fail[ing] to provide the Nation with a comprehensive statement of the use and investment of its trust funds and the interest earned on those dollars." Amended Complaint ¶ 20, *Wyandot Nation of Kansas*, No.1:05-CV-02491 (D.D.C. 2006). The complaint filed in our court also focuses on the particulars of individual transactions, detailing defendant's alleged failure to "obtain the highest available rates of interest and earnings on the [p]laintiff's trust funds," its failure "to properly invest the [p]laintiff['s] trust monies in a timely manner," and other similar breaches. Compl. ¶ 31. In short, not only do the two complaints address themselves to the same trust relationship and concern the same trust corpus, but both actions would require each court to evaluate the same transactions. In one case the purpose would be to construct records of the transaction, and in the other it would be to determine if the transaction at issue was executed in accordance with the government's duties as a trustee. Ultimately, however, both courts would need to consider the substance of the trust transactions. Thus as defendant notes, while there are some differences in the two complaints, it is not possible to separate defendant's alleged conduct as neatly as plaintiff suggests. Def.'s Reply in Supp. of Mot. to Dismiss at 4–7.

Additionally, before us the plaintiff has also alleged that the government violated its obligations under 25 U.S.C § 162a(d), which mandates an adequate system for accounting for trust fund balances. *See* Compl. ¶ 30(P); Tr. (Dec. 18, 2012) at 30–31 ("Tr."); 25 U.S.C. § 162a(d)(1). Thus, both of plaintiff's complaints allege improprieties in the government's trust accounting itself. Therefore, even if plaintiff were correct that an evaluation of the substance of the trust's transactions could be divorced from the provision of an accounting which would cover those transactions, both actions would still require an inquiry into the government's accounting for said transactions and thus both claims would still be based on "substantially the same operative facts."

Plaintiff is certainly correct that a mere commonality of "background facts" is insufficient to trigger the Section 1500 jurisdiction bar. Pl.'s Opp'n at 6. A review of the cases cited by Wyandot Nation for this proposition, however, makes it quite clear that the overlap in facts between plaintiff's two complaints go far beyond mere background. In the first case, *Cooke v. United States*, a plaintiff sued in the United States Court of Federal Claims asserting a violation of the Equal Pay Act (EPA) in connection with her employment at the National Transportation Safety Board, while at the same time maintaining an action in a district court for unlawful retaliation in violation of the Fair Labor Standards Act (FLSA). *Cooke v. United States,* 77 Fed. Cl. 173, 175 (2007). The judge in *Cooke* concluded that Section 1500 did not prevent our court from exercising jurisdiction because the two claims were based on different operative facts. *Id.* at 177. The court reasoned that the two

claims were different because the EPA claim was based on an allegedly lower rate of pay due to Ms. Cooke's gender, while her FSLA claim was based on the allegedly improper action taken against her in response to her having reported the alleged gender discrimination. *Id.* As the court put it, "[t]he EPA and FLSA claims involve distinct time periods and distinct Government conduct, with different material facts relevant to one claim and not the other." *Id.* at 178. In our case, by contrast, plaintiff's two complaints are both based on the same allegedly improper government behavior in connection with its duties as a trustee. Though plaintiff seeks money damages for these errors in this court, and in the district court seeks an accounting to determine the exact nature of all of the relevant transactions, in both cases plaintiff contests the same government conduct, and that is sufficient to divest our court of jurisdiction.

The second case plaintiff relies upon, *Heritage Minerals, Inc., v. United States*, 71 Fed. Cl. 710 (2006), is similarly inapposite. In *Heritage Minerals*, the plaintiff had sued the government in a district court, under the Federal Tort Claims Act, for discharging chemical waste onto its property. *Id.* at 711. While that suit was pending, plaintiff also filed suit in our court alleging that the government had taken its property by placing monitoring wells on the property to assess the extent of the pollution. *Id.* at 710–711. The court concluded that the claim was not barred by Section 1500. *Id.* at 711. This conclusion was based on the fact that the takings claim, which concerned the placement of the monitoring wells, "challenge[d] later and different conduct." *Id.* In our case, by contrast, both complaints concern the same conduct that occurred over the same time period --- one seeks a record of transactions that happened or should have happened, and the other seeks damages based on these transactions.

At oral argument, plaintiff contended the two complaints concerned different conduct, as in the district court the primary focus would be on the duty to record and report trust transactions and in our court the focus would be on those transactions themselves. Tr. at 21–24. But the same transactions are scrutinized in each case. This contrasts with the circumstances in *Cooke* and *Heritage Minerals*, in which different conduct was the subject of the claims in the different courts. In *Cooke* there would have been no need for the district court to determine, or even consider, whether Ms. Cooke had actually been the victim of gender discrimination. The case instead turned on whether she was retaliated against because of her claims of discrimination. Such a case requires no examination of the underlying claims of gender discrimination. Similarly, in *Heritage Minerals* our court did not need to consider at all the spraying of chemicals on plaintiff's property. Rather, it only needed to determine if placing a monitoring well on the property constituted a taking. That claim is logically unconnected from the claim that the spraying of the chemicals was itself tortious.

The Court does not find that Wyandot Nation's claims can be separated in the same manner. In the district court, plaintiff is asking for an accounting of the transactions entered into by the trust. In this court, plaintiff attacks the substance of those transactions, claiming that many of them were violative of the government's fiduciary duties. In both cases a central focus of the inquiry would be the same transactions, and thus both complaints concern "substantially the same operative facts." As another judge on this court remarked in dismissing a similar argument, "it is of no consequence that plaintiff styles its suits to focus on different trust duties, when the proof of breach of each of those purportedly distinct duties will necessarily require review of the same facts." *Passamaquoddy Tribe v. United States,* 82 Fed. Cl. 256, 285–86 (2008).

To accept plaintiff's contention that the fact that the two actions are based on different trust duties renders them not based "on substantially the same operative facts" would be to violate the clear instruction of the Federal Circuit that two claims based on different legal theories may nevertheless be based on the same operative facts. *See Harbuck v. United States,* 378 F.3d 1324, 1329 (Fed. Cir. 2004). Plaintiff attempts to evade this problem by styling the common facts of the two cases as mere "background facts." Pl.'s Opp'n at 4–8. But as was already noted, the overlap concerns the very heart of both cases --- namely the government's alleged failure to properly manage (and account for) trust assets.

Plaintiff's assertion that it intends to put on different evidence in the two cases is beside the point. Wyandot Nation explains that the case before the district court will consist of accounting evidence, whereas the case before our court will concern evidence related to various poor investment decisions or other mismanagement of the trust assets. Pl.'s Opp'n at 6–8. But the operative facts test turns not on the case as it will be tried, but on the pleadings. *See Dico, Inc. v. United States,* 48 F.3d 1199, 1204 (Fed. Cir. 1995). And as we have seen, a comparison of the claims in the two complaints makes it clear that the claims as pled have a substantial overlap of their operative facts. Thus, even were plaintiff correct that the two cases will have no evidence in common at trial, this fails to alter the analysis --- as the Section 1500 determination is made with regards to the complaints in the two cases, not how the cases actually unfold. Indeed, the Supreme Court in *Tohono* explained that the purpose of Section 1500 --- "to save the Government from burdens of redundant litigation" --- aims to spare defendant of the costs of "[d]eveloping a factual record" and of "the preparation and examination of witnesses at trial." *Tohono*, 131 S. Ct. at 1730. It would make little sense to require the government to bear such costs in order to determine that they may be avoided.

The Court concludes that plaintiff's previously-filed district court complaint contains operative facts which substantially overlap those of the above-captioned

case.  Accordingly, Section 1500 precludes our jurisdiction, and the government's motion to dismiss this case for lack of subject-matter jurisdiction is **GRANTED**.

### III. CONCLUSION

For the reasons stated above, the government's motion to dismiss is **GRANTED**.  The Clerk shall close the case.  No costs shall be awarded.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge